UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Myer's Lawn Care Services, Inc.,<br><br>         Appellant,<br><br>    -v-<br><br>Russell Fragala,<br><br>         Appellee. | 2:22-cv-5980 (NJC) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, District Judge:

This appeal arises from a contract dispute between Appellant Myer's Lawn Care Services, Inc. ("Myer's") and Russ Fragala Landscape Corporation (the "Corporation"). Myer's appeals from an opinion and judgment issued in an adversary proceeding in the Bankruptcy Court for the Eastern District of New York. ("Adversary Proceeding").[1] The Adversary Proceeding is related to Russell Fragala's ("Fragala") individual Chapter 7 bankruptcy proceeding ("Bankruptcy Action").[2]

In this appeal, Myer's asserts that the bankruptcy court erred in finding that Myer's' claim (the "Claim") against Fragala's bankruptcy estate was dischargeable in bankruptcy

---

[1] The Adversary Proceeding is docketed as *Myer's Lawn Care Services, Inc. v. Fragala et al*, No. 19-ap-8150 (Bankr. E.D.N.Y.). "Adv. Proc. ECF" refers to citations to the electronic record of the Adversary Proceeding.

[2] The Bankruptcy Action is docketed as *In re Russell Fragala*, 19-br-75714 (Bankr. E.D.N.Y.). "Bankr. ECF" refers to citations to the electronic record in that proceeding.

("Dischargeability Opinion," Adv. Proc. ECF No. 154, **R. at 535–51**). For the reasons set forth below, this appeal is dismissed as moot.

## BACKGROUND

On August 15, 2019, Russell Fragala filed an individual petition for bankruptcy under Chapter 7 of the Bankruptcy Code. (Bankr. ECF No. 1.) On November 19, 2019, Myer's filed a proof of an unsecured claim in the Bankruptcy Action (the "Claim"), alleging that Fragala was personally liable for $92,366.80 for the breach of certain snow-removal contracts between Myer's and the Corporation. (Bankruptcy Action, Claims Register, Claim No. 1-1.) On November 25, 2019, Myer's initiated the related Adversary Proceeding against Fragala, alleging that its Claim against Fragala's estate was not dischargeable in the Bankruptcy Action pursuant to the statutory exceptions to discharge in cases of "false representation" or "willful and malicious injury" under 11 U.S.C. §§ 523(a)(2)(A) and (6). (Adv. Proc. ECF No. 1, **R. at 7–26**.)

Judge Robert E. Grossman presided over a two-day bench trial in the Adversary Proceeding in May 2022 and issued a decision on September 22, 2022. (Dischargeability Op., Adv. Proc. ECF No. 154, **R. at 535–551**.) First, the court found that Myer's had an allowed claim against Fragala's estate under 11 U.S.C. § 502(a) and Rule 3001(f) of the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), because Myer's had filed a proof of claim and no party had filed an objection. (Dischargeability Op. at 1, 8, **R. at 535, 545.**) Second, the court found that the Claim was dischargeable in the Bankruptcy Action because Myer's failed to prove that the Claim satisfied the exceptions to discharge for "false representation" and "willful and malicious injury" under 11 U.S.C. §§ 523(a)(2)(A) or (2)(6). (Dischargeability Op. at 12–15, **R. at 546–49**.)

Judgment entered in the Adversary Proceeding on September 22, 2022. (Bankr. ECF No. 155, **R. at 552**.) On October 5, 2022, Myer's timely filed a notice of appeal of the judgment. (Adv. Proc. ECF No. 156, **R. at 556**.)

On February 2, 2023, after Myer's appealed the Adversary Proceeding judgment, Robert Pryor, the trustee in the Bankruptcy Action, filed a Motion to Expunge Myer's' Claim pursuant to 11 U.S.C. §§ 502(a), 502(b)(1) and Rule 3007, Fed. R. Bank. P., or, in the alternative, to "reconsider[] the Court's decision of September 22, 2022 [the Dischargeability Opinion]" pursuant to 11 U.S.C. § 502(j) and Rule 3008, Fed. R. Bankr. P. (Bankr. ECF No. 85-1 at 1, 6.) After receiving briefing and hearing oral argument on the Motion to Expunge,[3] Judge Grossman issued an order expunging Myer's' Claim in its entirety ("Expungement Order"). (Expungement Order, Bankr. ECF No. 110.)

Myer's timely appealed the Expungement Order. On August 6, 2024, this Court affirmed the bankruptcy court's order expunging Myer's' Claim. (*See Myer's Lawn Care Services, Inc. v. Pryor*, No. 2:23-cv-3346 (NJC) (E.D.N.Y. Aug. 6, 2024), ECF No. 30.)

## DISCUSSION

Under the doctrine of constitutional mootness, this Court lacks subject matter jurisdiction over an appeal that is moot. *AmeriCredit Fin. Servs., Inc. v. Tompkins*, 604 F.3d 753, 755 (2d Cir. 2010).[4] "When the plaintiff no longer has a legally cognizable interest in the outcome of the

---

[3] *See* Bankr. ECF Nos. 94, 97, 102, 106, 108; Bankr. Hr'g, Mar. 13, 2023; Bankr. Hr'g, Apr. 24, 2023.

[4] The doctrine of "equitable mootness" is not applicable here. In the Second Circuit, "a bankruptcy appeal is presumed equitably moot when the debtor's reorganization plan has been substantially consummated." *In re BGI, Inc.*, 772 F.3d 102, 108 (2d Cir. 2014). The Second Circuit has not applied the doctrine of equitable mootness in the Chapter 7 context, and the Court declines to do so here. *See BGI*, 772 F.3d at 109 n.13 ("[T]he instant appeal arises in the context

action, the case becomes moot and is no longer a 'case' or 'controversy' for the purposes of Article III." *Antonyuk v. Chiumento*, 89 F.4th 271, 370 (2d Cir. 2023); *Tompkins*, 604 F.3d at 755 (citing same standard in the bankruptcy appeal context). In other words, an appeal must be dismissed as moot "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party." *First Unum Life Ins. Co. v. Wulah*, 506 F. App'x 1, 1 (2d Cir. 2012) (citing *Church of Scientology of California v. United States,* 506 U.S. 9, 12 (1992)) (brackets omitted).

Here, the bankruptcy court expunged Myer's' Claim in its entirety, and I upheld the Expungement Order on appeal. (*See Pryor*, No. 2:23-cv-3346, ECF No. 30.) Myer's therefore does not have a claim in Fragala's Bankruptcy Action. Thus, there is no dispute as to whether Myer's' Claim satisfies the exception to discharge for "false representation" or for "willful and malicious injury" under 11 U.S.C. §§ 523(a)(2)(A) or (2)(6). Accordingly, Myer's' appeal from the bankruptcy court's Dischargeability Opinion is moot and this Court does not have subject matter jurisdiction to entertain it.

## CONCLUSION

For the reasons set forth above, this appeal (ECF No. 1) is dismissed as moot.

Dated: Central Islip, New York
August 6, 2024

                                                   */s/ Nusrat J. Choudhury*
                                                   NUSRAT J. CHOUDHURY
                                                   United States District Judge

---

of a Chapter 11 liquidation. Consequently, we leave to a future panel of our Court the question whether a district court may also invoke equitable mootness in the context of a Chapter 7 liquidation.").